T.C. Summary Opinion 2008-53

UNITED STATES TAX COURT

JESSE WILLIAMS, JR. AND GWENDOLYN F. WILLIAMS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2423-07S.                    Filed May 19, 2008.

Jesse Williams, Jr., and Gwendolyn F. Williams, pro sese.

Susan M. Fenner, for respondent.


GERBER, Judge:  This case was heard pursuant to the
provisions of section 7463[1] of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other

---

[1] Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for 2004,
the taxable year in issue.

case.  With respect to petitioners' 2004 tax year, respondent determined a $729 deficiency solely attributable to the 10-percent additional tax of section 72(t) on an early withdrawal from a qualified retirement plan.  We consider whether respondent's determination was in error.

## Background

Petitioners resided in Texas at the time their petition was filed.  They timely filed a joint 2004 return of income. Petitioner Jesse Williams retired from his job at 53 years of age, and during 2004, when he was 55, he withdrew $23,500 from his qualified retirement plan.  Petitioners included the $23,500 in income and paid tax on that amount.  On their 2004 return petitioners also reported a $16,177 deduction for medical expenses.

Mr. Williams, being aware of the 10-percent tax on early[2] withdrawal, reviewed the statutory exceptions to the additional 10-percent tax.  His review resulted in his belief that two exceptions applied.  He thought that the medical expense and distribution after age 55 exceptions applied to his situation. He computed the amount of withholding tax he had paid and figured that a $23,500 withdrawal from his qualified retirement plan would result in no tax in excess of the withholding tax or a

---

[2] In the context of this case "early" means before the date petitioner turned 59½.

small refund.  Accordingly, he relied on his interpretation of the "age 55 exception" rather than the medical exception.  If he had relied on the medical exception and withdrawn $16,177 from his retirement plan, there would not have been a 10-percent additional tax determined against petitioners and they would have received a larger refund based on the amount of available withholding tax.

Respondent determined that the age 55 exception was not applicable, but that the medical exception did apply.  Because the $23,500 withdrawal exceeded the medical expenses, the 10-percent additional tax applied and resulted in a $729 deficiency determination.

## Discussion

Section 72(t)(1) provides for an additional tax of 10 percent on withdrawals from qualified retirement plans.  Section 72(t)(2) provides for several exemptions from the additional tax.  The following two exceptions are relevant:

> (A) In general.--Distributions which are--
>
>      *     *     *     *     *     *     *
>
>     (v) made to an employee after separation from service after attainment of age 55,
>
>      *     *     *     *     *     *     *
>
> (B) Medical expenses.--Distributions made to the employee * * * to the extent such distributions do not exceed the amount allowable as a deduction under section 213 to the employee for amounts paid during the taxable year for medical care * * * .

Respondent agrees that petitioners are entitled to the medical expense exception of section 72(t)(2)(B) but contends that Mr. Williams's withdrawal does not fall within the age 55 exception of section 72(t)(2)(A)(v). Respondent interprets the phrase "made to an employee after separation from service after attainment of age 55" as meaning that the employee must have separated from employment after becoming 55. Conversely, petitioners interpret the phrase as meaning that so long as a participant has attained age 55 and is separated, the participant meets the exception from the additional 10-percent tax for early withdrawal.

Respondent directs our attention to the following legislative history underlying the age 55 exception:

> In all cases, the exception applies only if the participant has attained age 55 on or before separation from service. Thus, for example, the exception does not apply to a participant who separates from service at age 52, and, pursuant to the early retirement provisions of the plan, begins receiving benefits at or after age 55. * * *

H. Conf. Rept. 99-841 (Vol. II), at II-456 to II-457 (1986), 1986-3 C.B. (Vol. 4) 1, 456-457. On the basis of that explanation, any possible ambiguity in section 72(t)(2)(A)(v) would be resolved.

Petitioners contend that their interpretation of the subject statute was a reasonable one and in these circumstances, it is unfair to subject them to additional tax, especially because they

had other options to avoid it.  Unfortunately, there is no reasonable cause exception applicable to the imposition of the section 72(t) 10-percent additional tax.  In addition the statute does not provide the Secretary with discretion to waive the additional tax.

The Court, in reading petitioners' documents and hearing their explanations and testimony, recognizes that petitioners are thoughtful and intelligent.  In spite of their  intelligence, in their attempt to be good citizens and to pay their rightful share of tax they were tripped up by the complexity and the sometimes ambiguous nature of the tax law.  We are truly sympathetic to petitioners' situation and commend them for their forthright attempt to be good citizens.[3]  Unfortunately, we are without authority to change the result in this case.  To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent.</u>

---

[3] Even respondent in his brief expressed sympathy for petitioners' plight but explained that there was no statutory remedy for this type of situation.